③



FILED
FEB 13 2012
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 12-20592-C-7 |
| GILBERTO MANCILLA and ) ELISA MANCILLA, ) | DC No. CCR-1 |
| ) Debtors ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR PUBLICATION**

These findings of fact and conclusions of law, which are not intended for publication, are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtors filed their voluntary Chapter 7 petition on

January 12, 2012. They did not schedule the real property commonly known as 2415 Matthew Lane, Escalon, CA 95320 ("property") as property of the estate. They did, however, list the property as their current address.

Debtor Gilberto Mancilla had a prior Chapter 7 case (Case No. 11-46475-B-7) pending within the one-year period preceding the commencement of the instant case. Case No. 11-46475-B-7 was dismissed on December 27, 2011, for failure to timely file documents.

On January 31, 2012, Residential Foreclosure Fund II, LLC ("Movant"), filed a motion, notice, and declaration requesting that this court vacate the automatic stay to allow Movant to obtain possession of the property through eviction. Movant obtained title at a foreclosure sale held on June 8, 2011. On October 20, 2011, Movant obtained judgment against Debtors and obtained writ of possession. The eviction process was halted by the filing of the Debtors' bankruptcy petition.

The Chapter 7 Trustee filed a statement of nonopposition to this motion.

Upon review of the record, the court determined that the written record is adequate and that no oral argument is necessary.

### Conclusions of Law

Pursuant to 11 U.S.C. § 362(c)(3)(A), the provisions of the automatic stay under § 362(a) terminated with respect to the Debtors by operation of law after thirty days of the petition filing. 11 U.S.C. § 362(c)(3)(A). Accordingly, the automatic stay of acts against Debtors <u>in personam</u> expired on

February 11, 2012, as a matter of law. 11 U S C § 362(c)(3). The motion insofar as it is directed at the interest of the Debtors is moot and will be denied.

The Chapter 7 Trustee, by filing nonopposition, concedes to the motion. Therefore, the motion for stay relief is granted as to the Trustee.

An appropriate order will issue.

Dated: February 13, 2012

_____
UNITED STATES BANKRUPTCY JUDGE